Cuhia, per Evans, J.
The points made in the 2d and 3d grounds, it is unnecessary to discuss ; they are too well settled to require the expression of any opinion. Amendments should, in general, be allowed, where they do not operate to delay or prejudice the other party; and even then, it is usual to allow them only in cases of surprise or accident. Nothing of this sort was pretended.
I understand, the great object of this appeal is, to settle the question of practice which is presented in the 1st ground.
An appeal from the ordinary is given by the act of 1789, P. L. 489. That act directs that the circuit court shall hear and determine such appeals, according to the custom, usage, and practice, in cases of appeal from the county courts. By the county court act, P. L. 372, appeals are directed to be carried up to the circuit court, by assignment of errors in the judgment of the county court. In pursuance of thi§ provision, I think, the practice has been uniform to file a suggestion, setting forth the proceedings in the ordinary’s court, and then to assign specifically *37 the supposed errors in the judgment of that court. This course had been pursued in this case, and the question was, who should open and close, in the evidence and argument. The appellee has the decision of the court below in his favor. His rights are fixed. Until that decision is reversed, his position is purely passive. By the 62d rule of court, and the uniform practice in the trial of issues, the party affirming the question must begin, and is entitled to close the case. The appellants, in this case, were the actors ; they were the affirmants of the truth of the issues before the court, and would have been equally so, had they been allowed to add to the issues that the testator was non compos, or that the will was obtained by undue influence. I have never known any other rule than that which was precribed on the trial of this case ; but I learned then, for the first time, from the bar, and since from my brethren, that there has been a diversity of practice in this particular. The error has arisen from some loose expressions to be found in some of the earlier cases, in which it is said, that on the trial of appeals from the ordinary, on the validity of a will, the trial is de novo. It was formerly a question, whether these appeals were not to be decided on the evidence reported by the ordinary ; and it is in reference to this question that the expression * trial de novo ’ is used ; that is, the evidence shall again be heard in the circuit court. The question made in this case was decided by the appeal court, in 1828, in the case of Scott v. Scott; and, if that case had been reported, or was likely to be reported, I should have contented myself by referring, to it. In that case, as in this, the ordinary had decided for the will. The appellants were the heirs at law, contesting the will, in both cases. In that, they claimed to be the actors, with the right to open and close the case, and a new trial was granted, because it had been refused them. In this case, the appellants disclaimed the right, and insisted it belonged to the other party: that case is decisive of this, — ■ and the motion is refused.
W. and J. Choice, for appellants.
Gantt, O’Neall, Eaele, Butlee, and Richaedson, Justices, concurred.